UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JIN HUA ZHANG, ET AL. | Case No. 22-CR-10279-AK |

**STIPULATED DISCOVERY PROTECTIVE ORDER**

Pursuant to Federal Rule of Criminal Procedure 16(d), the government submits, and the defendants do not contest, that good cause exists for the following Protective Order to govern discovery in this case. Nothing in this Order shall limit the ability of the parties to seek modifications of this Protective Order in the future.

1. The government may designate as "Sensitive" certain materials it produces in discovery, whether pursuant to the Federal Rules, the Local Rules, or on a voluntary basis.

2. To designate a document as Sensitive, the government will label the document (or, in the case of audio/video recordings, the filename and/or the storage media upon which it is stored, "Sensitive." Materials so designated are hereafter referred to as "Sensitive Materials."

3. The term "Defense Team" shall include attorneys of record; attorneys and support staff at the same office as the attorneys of record; and investigators, experts, and other individuals retained to participate in the defense of a named defendant by attorneys of record. The Defense Team excludes the defendants and any family members of the defendants. The Defense Team is limited to attorneys and agents representing the defendants in this case and does not extend to attorneys or agents representing any defendant in any other case or in any other federal, state, or local court.

4. If an attorney of record wishes to share Sensitive Materials with other members of the Defense Team, the attorney of record shall first provide a copy of this Protective Order to the member of the Defense Team with whom Sensitive Materials are intended to be shared.

5. Except as set forth in paragraphs 6 through 8 below, Sensitive Materials shall be accessed, reviewed, and/or copied only by members of the Defense Team.

6. The Defense Team shall maintain Sensitive Materials in accordance with this Agreement, and Sensitive Materials shall be used by the Defense Team solely and exclusively in connection with the litigation and trial of this case and any related appeal.

7. The Defense Team shall not provide or distribute any copies of any Sensitive Materials to the defendants. The defendants are permitted to review Sensitive Materials in the presence of a Defense Team member who has agreed to be bound by this Protective Order, or on a jail computer under the supervision of jail staff. In no circumstances shall any member of the Defense Team leave any Sensitive Materials alone with any defendant, even for a limited period, absent Order of this Court.

8. The defendants are not permitted to maintain any Sensitive Materials or copies of Sensitive Materials absent Order of this Court, except, if applicable, that the defendants may access Sensitive Materials that are provided to the jail pursuant to Local Rule 116.4 on jail computers, under supervision of jail staff.

9. The defendants shall be permitted to take notes regarding Sensitive Materials for the limited purpose of consulting with their Defense Team and/or preparing their defense. However, any distribution, copying, or mailing of notes of Sensitive Materials outside the Defense Team shall be viewed as a violation of this Protective Order (and, depending on the nature and circumstances of the violation, may constitute obstruction of justice).

10. The government shall have the option of watermarking Sensitive Materials that are produced to the Defense Team. The government shall make reasonable efforts to ensure that the watermarking does not interfere with the use of Sensitive Materials by the Defense Team.

11. Any Sensitive Materials that are filed with the Court in connection with pre-trial motions, trial, sentencing, or other matters before this Court shall be filed under seal and shall remain sealed until otherwise ordered by this Court. The parties shall comply in all respects with the relevant Federal Rules of Criminal Procedure and Local Rules pertaining to the sealing of court documents.

12. Violation of this Protective Order shall be subject to sanction. Absent further Order of the Court, the terms of this Protective Order shall continue to be in effect and binding following the termination of the case.

13. Within thirty (30) days of the conclusion of this case, including but not limited to the latest of dismissal, judgment, and all rights of appeal being exhausted, Sensitive Materials and any copies thereof shall be returned to the government or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

*(Space intentionally left blank)*

14. Any party may seek a modification of this Order at any time.

SO STIPULATED:

| | |
|---|---|
| FENG CHEN<br>Defendant | JOSHUA S. LEVY<br>Acting United States Attorney |
| By:<br>*/s/ Anthony R. Ellison*<br>Anthony R. Ellison | By:<br>*/s/ Christopher J. Pohl*<br>Christopher J. Pohl<br>Brian A. Fogerty<br>Meghan C. Cleary<br>Assistant U.S. Attorneys |
| RONGJIAN LI<br>Defendant | |
| By:<br>*/s/ Vikas S. Dhar*<br>Vikas S. Dhar | |

Dated: September 8, 2024

IT IS SO ORDERED.

 /s/ Angel Kelley
Hon. Angel Kelley
United States District Judge

Dated:  9/10/2024

4