UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>FENG CHEN | CASE NO.: 22-cr-10279-AK |

### DEFENDANT FENG CHEN'S MOTION TO SEVER

**I.     INTRODUCTION**

Defendant Feng Chen is charged with one count of conspiracy to commit money laundering and one count of operating an unlawful money transmitting business.  Defendant Xiong Lin is charged in a separate conspiracy count with conspiring to distribute and to possess with intent to distribute cocaine and ecstasy.  Defendant Chen should be severed and set for a separate trial for two reasons.  *First,* the two defendants are improperly joined under Rule 8(b) in the second superseding indictment.  They do not know each other, have never communicated, their alleged conduct is separated by hundreds of miles, and the alleged crimes are not related—Defendant Chen is alleged to have been involved in delivering cash on a handful of occasions in Greater Boston while Defendant Lin is alleged to have acted as a drug courier on two occasions in New Jersey. The defendants did not participate in "the same act or transaction, or in the same series of acts or transactions," and should be severed.  *Second*, regardless as to whether joinder is proper, there is substantial risk that a joined trial will prejudice Defendant Chen as the jury may impermissibly apply spillover evidence from Defendant Lin's drug conspiracy to convict Defendant Chen.  This will "prevent the jury from making a reliable judgment about guilt or innocence," and is the precise prejudice that warrants severance under Rule 14.  As a result, the Court should exercise its broad discretion and sever Defendant Chen.

## II.  RELEVANT BACKGROUND

The government joined Defendant Chen and Defendant Xiong Zin in a single indictment. ECF Dkt. No. 451. The codefendants are charged in separate conspiracies, as summarized below.

***Alleged Conspiracy One (Massachusetts-based Money Deliveries).*** The government ran an expansive investigation ultimately targeting New York-based Jin Hua Zhang and his criminal associates. As a result, they indicted twelve individuals in this district. Many of the most culpable defendants (those directly involved in the alleged underlying criminal conduct)—including Jin Hua Zhang—have pled guilty.

As part of its investigation, the government orchestrated monetary transactions within the District of Massachusetts likely in an effort to establish venue in this district and develop more inculpating evidence against Mr. Zhang. In doing so, it created circumstances around a handful of transactions (money deliveries) requiring Mr. Zhang to seek assistance outside his network of criminal associates. As a result, Mr. Zhang asked Defendant Chen to deliver money, on his behalf, on five occasions.

Defendant Chen is charged with crimes related to these deliveries, which, unbeknownst to him (Chen), were delivered to confidential human sources/undercover agents. The money was then traded for cryptocurrency. The second superseding indictment alleges that the funds involved in the transactions derive from wire fraud or drug trafficking. The government does not allege, however, that Defendant Chen had any role in the underlying wire fraud or drug trafficking offenses. In fact, Defendant Chen was not involved in any underlying unlawful activity, and, notably, did not receive any payment for his alleged involvement in the money deliveries. Indeed, each of the transactions involving Defendant Chen was manufactured by the government.

The evidence will show that Defendant Chen is a U.S. citizen, migrated from China

approximately 18 years ago, has no criminal history, lives in Canton, Massachusetts with his family, and, at all relevant times, worked full-time operating a cabinetry business and a restaurant. He met Mr. Zhang in or around 2009 when both men had recently immigrated to the United States and were living in New Orleans. Eventually, Defendant Chen settled in Massachusetts and Mr. Zhang in New York. Over the years, they remained in contact. During that time, Mr. Zhang operated nail salons, sold luxury vehicles, and operated a money transfer business in New York.

According to the government's investigation, in or around 2021, Mr. Zhang got involved in illegal activities in New York and elsewhere. This included drug sales and involvement in so-called "romance scams." However, Defendant Chen was unaware of Mr. Zhang's criminal conduct. Indeed, despite the government's extensive investigation, it does not have any direct evidence that Defendant Chen had knowledge that the money involved in the transactions in Massachusetts derived from wire fraud or drug trafficking activities. For example, other than recordings of the handful of transactions at issue involving Defendant Chen, the government produced approximately ***2,000*** recordings it obtained during its investigation into Mr. Zhang; Defendant Chen is not heard—or even mentioned—in these recordings. Moreover, at the initial transaction involving Defendant Chen (months into the Zhang investigation), when Defendant Chen arrived to deliver money on behalf of Mr. Zhang, Defendant Chen was unknown to law enforcement agents surveilling the delivery.

***Alleged Conspiracy Two (New Jersey-based Drug Transactions).*** Defendant Xiong Lin is charged as a coconspirator in a drug conspiracy for his role in delivering cocaine and ecstasy to government agents located in New Jersey. The government proffered specific evidence tied to Defendant Lin's alleged role in the conspiracy in its opposition to Defendant Lin's motion to dismiss for lack of venue. [ECF Dkt No. 424]. This included allegations that Defendant Lin acted

3

as a courier to deliver cocaine, on behalf of Mr. Zhang, on May 25, 2022, and ecstasy, on behalf of Mr. Zhang, on July 14, 2022. *Id.* at 12–16.  Undercover agents arranged the transactions and paid Mr. Zhang with cryptocurrency.  The government does not allege that these transactions are related to the cash involved in Defendant Chen's alleged conduct occurring in Greater Boston.

On or about March 6, 2024, the government charged Defendant Chen and Defendant Lin in the second superseding indictment.  The two codefendants are not charged in the same conspiracy, they are charged with different crimes, they do not know each other, they have never spoken, and the only nexus between the charges and the two codefendants is Mr. Zhang.

Mr. Zhang pled guilty to Count 1 (money laundering conspiracy) and Count 2 (drug trafficking conspiracy) in the superseding indictment [ECF Nos. 172, 174.], and, despite the vast discrepancy in his relevant culpability compared to Defendant Chen or Defendant Lin, the government is using him as a cooperating witness to testify against both remaining defendants. Other than Mr. Zhang, Defendant Chen is not aware of any other anticipated witnesses common to Defendant Chen's and Defendant Lin's separate conspiracies.

### III.   LEGAL STANDARDS

#### A. Joinder

Rule 8 permits joinder of "[two] or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). "A 'series' is something more than mere 'similar' acts." *King v. United States*, 355 F.2d 700, 703 (1st Cir. 1966).  "To determine what constitutes 'the same act or transaction' or 'same series of acts or transactions,' courts must balance 'the benefit to the government of trying together multiple defendants involved in related incidents against each defendant's right to have his own guilt considered separately." *United States v. Arce-Lopez*, 979

F. Supp. 2d 231, 232–33 (1st Cir. 2013) (citing *United States v. Arruda*, 715 F.2d 671, 678 (1st Cir. 1983)). "[S]omething more than mere 'similar acts' is required, and that some relatedness between offenses is necessary for there to be a series of acts or transactions." *United States v. MacDonald &Watson Waste Oil Co.*, 933 F.2d 35, 60 (1st Cir. 1991) (citing *United States v. Turkette*, 632 F.2d 906, 907 (1st Cir. 1980) (internal quotations omitted)). "Relatedness of offenses can be established by demonstrating that essentially the same facts must be shown for each of the consolidated crimes." *Id*. at 907–08.

### B. Severance

Rule 14(a) permits district courts to order severance if "the joinder of . . . defendants in an indictment . . . appears to prejudice a defendant or the government." *United States v. Azor*, 881 F.3d 1, 11 (1st Cir. 2017). A defendant who seeks a separate trial from his co-defendant must make a "strong showing of evident prejudice." *United States v. O'Bryant*, 998 F.2d 21, 25 (1st Cir. 1993) (citations omitted).

"Rule 14 leaves the determination of risk of prejudice and any remedy that may be necessary to the sound discretion of the district courts." *Zafiro v. United States*, 506 U.S. 534, 540 (1993). "[W]hen defendants properly have been joined under Rule 8(b), a district court should grant severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or *prevent the jury from making a reliable judgment about guilt or innocence*." *Id*. at 539 (emphasis added).

> For example, evidence of a codefendant's wrongdoing in some circumstances erroneously could lead a jury to conclude that a defendant was guilty. When defendants are tried together in a complex case and they have markedly different degrees of culpability, this risk of prejudice is heightened. Evidence that is probative of a defendant's guilt but technically admissible only against a codefendant also might present a risk of prejudice.

*Zafiro*, 506 U.S. at 539 (citing *Kotteakos v. United States*, 328 U.S. 750, 774–75 (1946); *Bruton v. United States*, 391 U.S. 123 (1968)).

### IV.   ARGUMENT

#### A. Joinder is Improper Under Rule 8(b)

The government improperly joined Defendant Chen and Defendant Lin in the second superseding indictment. The codefendants are not part of the "same series of acts or transactions." Fed. R. Crim. P. Rule 8(b). They are not charged in any of the same counts and not charged as coconspirators. The government has not alleged in the superseding indictment—or proffered sufficient evidence—to demonstrate the two distinct conspiracies are related. In fact, the evidence supporting each of the alleged conspiracies differs in material ways. Defendant Chen is alleged to have been involved in delivering cash in and around the Boston area, while Defendant Lin allegedly acted as a drug courier in New Jersey. Other than Mr. Zhang, the witnesses involved in the Massachusetts-based transactions (Defendant Licheng Huang, anonymized confidential human sources, and undercover agents) are not the same witnesses involved in Defendant Lin's case which is based on activity that exclusively occurred in New York and New Jersey.

"If the indictment fails to show and the prosecutor fails to proffer a sufficient basis in the expected evidence to justify joinder, then a severance should be ordered." *United States v. Dominquez*, 226 F.3d 1235, 1241 (11th Cir. 2000). "[I]n order to establish that the [codefendants] have engaged in the 'same series of acts or transactions' under Rule 8(b) the government must demonstrate that the acts alleged are united by some substantial identity of facts and/or participants." *United States v. Arneth*, 294 Fed. Appx. 448, 451 (11th Cir. 2008) (quoting *United States v. Morales*, 868 F.2d 1562, 1569 (11th Cir. 1989)). Here, the government cannot

identify united facts or participants—beyond Mr. Zhang's alleged participation in each separate conspiracy. This one common fact is insufficient to warrant joinder of the defendants under the second superseding indictment, and, as a result, Defendant Chen is entitled to severance. *See United States v. Webb*, 827 F. Supp. 840, 841 (D. Mass. 1993) (finding "the presence of one overlapping member does not make two separate conspiracies part of the same series of acts or transactions").

### B. The Court Should Use its Discretion to Sever the Defendants, as there is Serious Risk of Prejudice to Defendant Chen if the Defendants Remain Joined

Regardless of whether the defendants were properly joined under Rule 8(b), the Court should use its discretion to sever Defendant Chen as he is likely to suffer prejudice if the defendants remained joined. *Zafiro*, 506 U.S. at 540 ("Rule 14 leaves the determination of risk of prejudice and any remedy that may be necessary to the sound discretion of the district courts.").

Defendant Chen is charged with money laundering conspiracy and operating an unlawful money transmitting business. For each count, the government must prove that Defendant Chen had the requisite knowledge—that he knew the money involved in the transactions derived from specified unlawful activity. Specifically, for purposes of the money laundering count, the government must prove Defendant Chen "knew that these were proceeds of some kind of crime that amounts to a state or federal felony." *First Circuit Pattern Criminal Jury Instructions* 4.18.1956(a)(1)(B)(i). For the money transmitting count, the government must prove the crime involved "funds that are known to the defendant to have been derived from a criminal offense or are intended to be used to promote or support unlawful activity." 18 U.S.C. § 1960(b)(C).

For the money laundering count, the government must also prove that "transaction[s] involved the use of proceeds of unlawful activities, specifically, proceeds of [wire fraud or the

7

distribution of and possession with intent to distribute controlled substances]." *First Circuit Pattern Criminal Jury Instructions* 4.18.1956(a)(1)(B)(i); ECF Dkt. No. 450 at 2 (second superseding indictment).

As to these elements related to the two charged crimes against Defendant Chen, the government does not allege that Defendant Chen was involved in the underlying unlawful activity related to the funds, nor does the government have any direct evidence that Defendant Chen had knowledge that the funds involved in the deliveries derived from unlawful activity. Instead, they will argue that Defendant Chen should have known the funds were dirty based on the amounts involved in the transactions and the circumstances surrounding the deliveries. Under these circumstances, there is substantial risk that the jury will impermissibly rely on spillover evidence of Defendant Lin's separate drug conspiracy, to convict Defendant Chen. As part of Defendant Lin's case, the government will introduce evidence of drug transactions, seized drugs (cocaine and ecstasy), laboratory results, and other related evidence that it would not present to prove the allegations against Defendant Chen.

"Spillover occurs when evidence against one defendant is 'misinterpreted by the jury and used as a basis for convicting another defendant not connected to that evidence." *United States v. Drougas*, 748 F.2d 8, 18 (1st Cir. 1984). This is particularly a concern in this case as the government's evidence of Defendant Chen's knowledge regarding the funds he is alleged to have delivered is thin and there is no connection between Defendant Lin's separate drug conspiracy in New Jersey with Defendant Chen's conduct in Massachusetts. As a result, a jury is likely to confuse the evidence in a joint trial. For example, the jury may wrongfully infer (i) that proceeds derived from the drug sales in New Jersey were used in the Massachusetts-based transactions tied to Defendant Chen's charges, or (ii) that drugs seized from the New Jersey-based transactions

relate to the underlying unlawful activity alleged in the separate money laundering conspiracy.

Under the unique facts of this case, there is series risk that joinder of the unrelated conspiracies will "prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539. Therefore, severance is warranted under Rule 14.

## CONCLUSION

In sum, Defendant Chen and Defendant Lin are charged in *separate* conspiracies, charged with *separate* crimes, they have never met or communicated, the alleged conduct occurred hundreds of miles apart, and the allegations do not relate to the same act or transactions. As a result, joinder is improper under Rule 8(b). Regardless as to whether joinder is proper, a joint trial will prejudice Defendant Chen due to the potential spillover evidence and severance is also warranted under Rule 14. For the reasons, the Court should grant the motion and sever Defendant Chen.

WHEREFORE, for the reasons set forth above, Defendant Feng Chen respectfully requests that this Honorable Court:

A. Grant his motion to sever;

B. Hold a hearing, if necessary; and

C. Grant any further relief deemed just and proper.

Respectfully submitted,

FENG CHEN

By His Attorneys,

SHEEHAN PHINNEY BASS & GREEN, PA

Dated: March 24, 2025    By:    */s/ Patrick J. Queenan*
Patrick J. Queenan (BBO #679408)
28 State Street, 22nd Floor
Boston, MA 02109
(617) 897-5672
pqueenan@sheehan.com

*/s/ David Losier*
David Losier (BBO #561690)
28 State Street, 22nd Floor
Boston, MA 02109
dlosier@sheehan.com
(617) 897-5604

## LOCAL RULE 7.1(a)(2) CERTIFICATION

I certify that I have conferred with counsel for the government and they indicated that the government opposes this motion.

*/s/ Patrick J. Queenan*
Patrick J. Queenan

## **CERTIFICATE OF SERVICE**

    I hereby certify that on this date, a copy of the foregoing was filed using the CM/ECF system, which will effectuate service on all counsel of record.

                                                      */s/ Patrick J. Queenan*
                                                      Patrick J. Queenan