UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.             )<br>)<br>FENG CHEN (3) and        )<br>XIONG LIN (11).          )<br>)<br>           Defendants.  ) | Case No. 22-CR-10279-AK |

**MEMORANDUM AND ORDER ON GOVERNMENT'S**
<u>**MOTION TO EXCLUDE DEFENSE EXPERT**</u>

**ANGEL KELLEY, D.J.**

This matter comes before the Court on the Government's Motion in Limine to exclude the testimony of Defendant Xiong Lin's proposed expert witness, Mr. Craig Nicewicz [Dkt. 554] ("Government's Motion"). Lin designated Mr. Nicewicz to rebut the Government's anticipated assertion that anyone performing occasional tasks for drug traffickers necessarily knows the scope of the conspiracy. Lin contends that Mr. Nicewicz's testimony is necessary to ensure a balanced presentation and prevent the jury from being misled about conspiracy membership [Dkt. 577]. For the reasons set forth below, the Government's Motion is **GRANTED**.

    **I.    BACKGROUND**

The Government charged Lin only in Count Two of the Second Superseding Indictment [Dkt. 450] with conspiracy to distribute and possess with intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a)(1). That count alleges that from May through at least September 2022, Lin conspired with others known and unknown in the District of Massachusetts and elsewhere to distribute cocaine and MDMA. Lin is not charged in Count One

1

(money-laundering conspiracy) or Count Three (operating an unlicensed money transmitting business).

The Government moves to exclude Mr. Nicewicz's testimony on three grounds: (1) Lin's expert disclosure was untimely and fails to satisfy Rule 16(b)(1)(C); (2) Mr. Nicewicz lacks specialized knowledge of drug-trafficking organizations; and (3) his opinions are unreliable and have the potential to confuse the jury.

## II. LEGAL STANDARD

Expert testimony is admissible only if the proponent demonstrates by a preponderance of the evidence that: (a) the expert's specialized knowledge will help the trier of fact; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert reliably applies those principles and methods to the facts of the case. See Fed. R. Evid. 702; Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993); Doucette v. Jacobs, 106 F.4th 156, 169 n.17 (1st Cir. 2024). The court must also consider whether the expert is "qualified in the specific subject for which his testimony is offered." Garfield v. Gorilla, Inc., No. 13-cv-12810, 2015 WL 3874826, at *2 (D. Mass. June 23, 2015) (quoting Whiting v. Bos. Edison Co., 891 F. Supp. 12, 24 (D. Mass. 1995)).

The district court acts as gatekeeper to ensure that testimony rests on a reliable foundation and is relevant to the issues before it. See Daubert, 509 U.S. at 597; Rodríguez v. Hosp. San Cristobal, Inc., 91 F.4th 59, 70 (1st Cir. 2024); Neural Magic, Inc. v. Meta Platforms, Inc., 659 F. Supp. 3d 138, 152 (D. Mass. 2023). "[T]he burden on the party who proffers expert testimony is not to prove that an expert's conclusion is correct but rather that the expert reached their conclusion in a scientifically sound and methodologically reliable way." Liberty Mut. Ins. Co. v. Broan-NuTone LLC, 731 F. Supp. 3d 205, 212 (D. Mass. 2024) (quoting Ruiz-Troche v.

Pepsi Cola of P.R. Bottling Co., 161 F.3d 77, 85 (1st Cir. 1998)).  "[A] court may exclude an expert's opinion when it is based upon conjecture or speculation deriving from an insufficient evidentiary source." E.E.O.C. v. Tex. Roadhouse, Inc., 215 F. Supp. 3d 140, 158 (D. Mass. 2016).

### III. DISCUSSION

The government first argues that Lin failed to meet the requirements of Federal Rule of Criminal Procedure 16 because his untimely expert disclosure consists only of a single-page summary and a curriculum vitae omitting any detailed statement of Mr. Nicewicz's opinions, the data he reviewed, or the analytical steps he employed.  The government contends that, without these elements, it cannot assess Mr. Nicewicz's reasoning or prepare for meaningful cross-examination.  The government next argues that, even if the disclosure were timely, Mr. Nicewicz is unqualified to opine on drug-trafficking organizations.  The government also warns that admitting Mr. Nicewicz's testimony, which lacks methodological rigor, risks confusing the jury.

Lin concedes that Mr. Nicewicz has no specialized training, publications, or peer-reviewed work in the field of narcotics conspiracies and that he only previously testified in a Massachusetts state case as a factual rebuttal witness regarding interviews he conducted.  Lin also concedes Mr. Nicewicz has no formal law enforcement training or academic credentials in criminal justice but emphasizes his two decades in court administration in the District of Massachusetts and his current work as a private investigator.  Mr. Nicewicz would not testify about Lin's specific intent or knowledge, but rather would offer general observations about courier roles in drug cases.  Lin maintains that these experiences qualify Mr. Nicewicz to challenge the assumption that all couriers knowingly participate in drug conspiracies and that

3

excluding his testimony would permit misleading expert opinions to go unchallenged, risking unfair prejudice.

Based on a review of the materials and representations provided,[1] Mr. Nicewicz's opinions rest on passive observations rather than on the application of reliable principles to case-specific facts. His curriculum vitae reflects career experience in court administration, not scientific or technical analysis of criminal networks. Lin has provided no information about the particular facts or data Mr. Nicewicz reviewed, nor any detailed outline of analytical steps. His private-investigation work offers no recognized methodology for determining when a courier knows the contents of a delivery. Even if he "observed firsthand countless criminal cases," that passive experience places him at no greater advantage than the factfinder. Mr. Nicewicz's sole state-court testimony merely rebutted witness statements about interviews he conducted, not membership in a drug conspiracy. Because Mr. Nicewicz fails every prong of Rule 702—including helpfulness to the factfinder, qualifications, methodology, and reliable application—his proposed expert testimony is inadmissible.

### IV.  CONCLUSION

For the foregoing reasons, the Government's Motion to exclude the testimony of Mr. Craig Nicewicz [Dkt. #554] is **GRANTED**. Mr. Nicewicz shall not testify as an expert at trial.

**SO ORDERED.**

Dated: July 18, 2025                               /s/ Angel Kelley
                                                   Hon. Angel Kelley
                                                   United States District Judge

---

[1] "My opinions are based on my extensive experience in the federal court system, particularly in criminal trials conducted in the U.S. District of Massachusetts, and my experience as a private investigator, as documented in my curriculum vitae, which has been previously provided." [Dkt. 577-1 at 1].